IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raameece Collier,                       Case No. 3:15CV1192

         Plaintiff

       v.                                    **ORDER**

C.O. M. Turner, et al.,

         Defendants

       This is a he-said, she-said excessive-force case under 42 U.S.C. § 1983.

       The plaintiff, Raameece Collier, is an inmate at the North Central Correctional Institution in Marion, Ohio.

       On May 10, 2015, Collier wanted to use a computer in one of the prison's day rooms. (Doc. 18 at 2). The defendant, Correctional Officer Brittany Turner, responded that he would have to wait, as "the floor was being waxed." (*Id.*). Collier said that "it's Mother's Day and we need to get on the [computer] to email our loved ones," which prompted Turner to "curs[e] and disrespect[ ]" him. (*Id.*).

       Collier told Turner that she had no reason to speak to him that way, but Turner ordered him "to shut the fuck up," called him a racial epithet, and "smack[ed] a cup of hot coffee . . . all over" him. (*Id.* at 2–3). According to Collier, the coffee burned his right forearm. (*Id.*).

       Officer Turner provided an entirely different account of the incident.

In her telling, Collier refused Turner's orders to walk to a different area of the prison while a couple of porters waxed the floors. (Doc. 14–1 at ¶4). Collier swore at Turner and "threatened physical harm" against her. (*Id.* at ¶7). Finally, Collier stepped toward Turner "in an aggressive manner," causing Turner to step back and accidentally knock-over a cup of coffee.

To corroborate her account, Turner introduced a medical report that prison staff prepared shortly after this incident. (Doc. 14–3). It reflects that there were "no signs of trauma" on Collier's body, and that "no treatment [was] necessary." (*Id.*).

Collier maintains that the nurse who prepared this report "did not do even a cursory examination for a first or second degree burn." (Doc. 18 at ¶10). According to Collier, the nurse's attitude "was to cover up the assault & battery and excessive force behavior." (*Id.*).

Pending are counter-motions for summary judgment. (Docs. 14, 18). I overrule the motions, given the parties' conflicting testimony.

If a jury were to credit Collier's account, then it could easily find Turner engaged in excessive force: hurling a racial epithet at, and throwing scalding hot coffee onto, an inmate who did nothing but lodge a verbal complaint would seem to be the very definition of excessive force. But if a jury were to credit Turner's account, it would have no basis for finding that Turner used excessive force – or, indeed, any force at all.

To be sure, the medical records state that Collier had no visible signs of trauma after his encounter with Officer Turner. But Collier disputes the accuracy of the records and has testified, however plausibly, to why they may be inaccurate. *E.g.*, *Moran v. Al Basit LLC*, 788 F.3d 201, 205–06 (6th Cir. 2015) (plaintiff's testimony, standing alone, can defeat summary judgment).

Because genuine disputes of material fact remain as to whether Turner used excessive force, it is hereby ORDERED THAT:

1. The parties' counter-motions for summary judgment (Docs. 14, 18) be, and the same hereby are, denied; and

2. Collier's outstanding discovery motions (Docs. 23, 25, 26) be, and the same hereby are, denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge